```
                                                    OCT 03 2012
                                                CHAMBERS OF
UNITED STATES DISTRICT COURT                    JOHN G. KOELTL
SOUTHERN DISTRICT OF NEW YORK                      U.S.D.J.
- - - - - - - - - - - - - - - - - - - - - - - - - -x
                                         :
UNITED STATES OF AMERICA,                :
                                         :   CONSENT DECREE AND
             Plaintiff,                  :   ORDER FOR CIVIL PENALTIES,
                                         :   INJUNCTION, AND OTHER RELIEF
      v.                                 :
                                         :                USDC SDNY
ARTIST ARENA LLC,                        :   12 Civ. _____ DOCUMENT
                                         :                ELECTRONICALLY FILED
             Defendant.                  :                DOC# _____
- - - - - - - - - - - - - - - - - - - - - - - - - -x     DATE FILED 10/3/12
```

WHEREAS Plaintiff, the United States of America, has commenced this action by filing the complaint herein; Defendant has waived service of the Summons and Complaint; the parties have been represented by the attorneys whose names appear hereafter; and the parties have agreed to settlement of this action upon the following terms and conditions, without adjudication of any issue of fact or law, and Defendant neither admits nor denies the allegations in the Complaint, other than the jurisdictional facts, by entering into this agreement;

THEREFORE, on the joint motion of Plaintiff and Defendant, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1. This Court has jurisdiction of the subject matter and of the parties pursuant to 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355, and 15 U.S.C. §§ 45(m)(1)(A), 53(b), 56(a), and 57b.    86/C

2. Venue is proper as to all parties in the Southern District of New York under 15 U.S.C. §53(b) and 28 U.S.C. §§ 1391 (b)-(c) and 1395(a).

3. The activities of Defendant are in or affecting commerce as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

4. The Complaint states a claim upon which relief may be granted against Defendant under Sections 1303(c) and 1306(d) of the Children's Online Privacy Protection Act of 1998

("COPPA"), 15 U.S.C. §§ 6501-6506, 6502(c), and 6505(d); the Commission's Children's Online Privacy Protection Rule, 16 C.F.R. Part 312; and Sections 5(a)(1), 5(m)(1)(A), 13(b), and 16(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 41-58, 45(a)(1), 45(m)(1)AA), 53(b), and 56(a). Among other things, the complaint alleges that Defendant violated COPPA by failing to provide notice to parents of its information practices, and by failing to obtain verifiable parental consent prior to collecting, using, and/or disclosing personal information from children online.

5. Defendant has entered into this Consent Decree and Order for Civil Penalties, Injunction, and Other Relief ("Order") freely and without coercion. Defendant further acknowledges that it has read the provisions of this Order and is prepared to abide by them.

6. Plaintiff and Defendant hereby waive all rights to appeal or otherwise challenge the validity of this Order.

7. Plaintiff and Defendant stipulate and agree that entry of this Order shall constitute a full, complete, and final settlement of this action.

8. Defendant has agreed that this Order does not entitle it to seek or to obtain attorneys' fees as a prevailing party under the Equal Access to Justice Act, 28 U.S.C. § 2412, and Defendant further waives any right to attorneys' fees that may arise under said provision of law.

9. Entry of this Order is in the public interest.

## I. DEFINITIONS

10. "Defendant" means Artist Arena LLC and its successors and assigns.

11. "Rule" means the Federal Trade Commission's Children's Online Privacy Protection Rule, 16 C.F.R. Part 312.

12. The terms "child," "collects," "collection," "Commission," "delete," "disclosure," "Internet," "online contact information," "operator," "parent," "person," "personal information," "third party," "verifiable consent," and "website or online service directed to children," are defined as those terms are defined in Section 312.2 of the Rule, 16 C.F.R. § 312.2.

## II. INJUNCTION

13. IT IS ORDERED that Defendant, and its officers, agents, representatives, and employees, and all persons in active concert or participation with it who receive actual notice of this Order by personal service or otherwise, are hereby enjoined, directly or through any corporation, subsidiary, division, website, or other device, from:

    A. Failing to provide direct notice to parents of what information Defendant collects online from children, how it uses such information, its disclosure practices, and all other required content, in connection with any website or online service that is directed to children, or any website or online service through which Defendant, with actual knowledge, collects, uses, and/or discloses personal information from children, as required by Section 312.4(c) of the Rule, 16 C.F.R. § 312.4(c);

    B. Failing to obtain verifiable parental consent before any collection, use, and/or disclosure of personal information from children, in connection with any website or online service owned, operated, or managed by or on behalf of Defendant that is directed to children, or on any website or online service through which Defendant, with actual knowledge, collects, uses, and/or discloses personal information from children, as required by Section 312.5 of the Rule, 16 C.F.R. § 312.5(a)(1); and

C.  Violating any other provision of the Rule, 16 C.F.R. Part 312, and as the Rule may hereafter be amended. A copy of the Rule is attached to this Order as "Appendix A" and incorporated in this Order as if fully set forth verbatim.

14. IT IS FURTHER ORDERED that Defendant, and its officers, agents, representatives, and employees, and all persons in active concert or participation with it who receive actual notice of this Order by personal service or otherwise, are hereby enjoined, directly or through any corporation, subsidiary, division, website, or other device, in connection with Defendant's operation of any website or online service, from making any misrepresentation in its parental notices, privacy policies, or elsewhere about the website or online service's collection, use, disclosure, or deletion of children's personal information.

### III. DELETION OF CHILDREN'S PERSONAL INFORMATION

15. IT IS FURTHER ORDERED that Defendant, within ten days from the date of entry of this Order, shall delete all personal information collected and maintained, within its possession, custody, or control, in violation of the Rule at any time from April 21, 2000 through the date of entry of this Order.

### IV. CONSUMER EDUCATION REMEDY

16. IT IS FURTHER ORDERED that, for a period of five years from the date of entry of this Order, Defendant, in connection with its operation of any website or online service directed to children, and any website or online service through which Defendant, with actual knowledge, collects, uses, and/or discloses personal information from children, shall place a clear and conspicuous notice: (1) within the privacy policy required to be posted by Section 312.4(b) of the Rule, 16 C.F.R. § 312.4(b); (2) within the direct notice required to be sent to parents by Section

312.4(c) of the Rule, 16 C.F.R. § 312.4(c); and (3) at each location on the website or online service where personal information is collected, which states as follows in bold typeface:

> **NOTICE:** **Visit www.OnGuardOnline.gov for tips from the Federal Trade Commission on protecting kids' privacy online**
> (www.OnGuardOnline.gov must contain a hyperlink to
> http://www.onguardonline.gov/topics/kids-privacy.aspx)

Defendant shall be required to change the hyperlinks/URLs within 15 days after receipt of notice (which shall also be sent to Defendant's counsel) from the Federal Trade Commission of a change to such hyperlinks/URLs.

## V. CIVIL PENALTY

17. IT IS FURTHER ORDERED that Defendant shall pay to Plaintiff a civil penalty, pursuant to Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A), in the amount of one million dollars ($1 million), due and payable within five days of receipt of notice of the entry of this Order. Unless otherwise directed, payment shall be made by electronic fund transfer in accordance with procedures specified by the Consumer Protection Branch, Civil Division, U.S. Department of Justice, Washington, DC 20530.

18. Defendant relinquishes all dominion, control, and title to the funds paid to the fullest extent permitted by law. Defendant shall make no claim to or demand for return of the funds, directly or indirectly, through counsel or otherwise.

19. Defendant agrees that the facts as alleged in the Complaint filed in this action shall be taken as true, without further proof, in any subsequent civil litigation filed by or on behalf of the Commission to enforce its rights to any payment or money judgment pursuant to this Order.

20. In the event of any default in payment, which default continues for ten days beyond the due date of payment, the entire unpaid penalty, together with interest, as computed pursuant to

28 U.S.C. § 1961 (accrued from the date of default to the date of payment) shall immediately become due and payable.

## VI. ORDER ACKNOWLEDGMENTS

21.   IT IS FURTHER ORDERED that Defendant obtain acknowledgment of receipt of this Order:

>   A.   Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.
>
>   B.   For three years after entry of this Order, Defendant must deliver a copy of this Order to (1) all principals, officers, directors, and managers of any business owned, operated, or managed by or on behalf of Defendant engaged in conduct related to the subject matter addressed in Section II of this Order; (2) all Defendant's employees, agents, and representatives who have responsibilities related to the operation of any website or online service subject to Section II of this Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. To all others, delivery must occur before they assume their responsibilities.
>
>   C.   From each individual or entity to which Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## VII. COMPLIANCE REPORTING

22.   IT IS FURTHER ORDERED that Defendant make timely submissions to the Commission:

A.  One year after entry of this Order, Defendant must submit a compliance report, sworn under penalty of perjury to: (a) designate at least one telephone number and an email, physical, and postal address as points of contact, which representatives of the Commission and Plaintiff may use to communicate with Defendant; (b) identify all of Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the products and services offered, and the means of advertising, marketing, and sales; (d) describe in detail whether and how Defendant is in compliance with each section of this Order; and (e) provide a copy of the Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

B.  For 10 years following entry of this Order, Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following: (a) any designated point of contact; or (b) the structure of Defendant or any entity that Defendant has any ownership interest in or directly or indirectly controls that may affect compliance obligations arising under this Order, including the creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C.  Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or any similar proceeding by or against Defendant within 14 days of its filing.

D.  Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of

America that the foregoing is true and correct. Executed on: \_\_\_\_\_" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin United States v. Artist Arena LLC.

## VIII. RECORDKEEPING

23. IT IS FURTHER ORDERED that Defendant must create certain records for 10 years after entry of the Order, and retain each such record for 5 years. Specifically, Defendant, in connection with the operation of any website or online service subject to Section II of this Order must maintain the following records:

A. Accounting records showing the revenues from all goods or services provided through any website or online service subject to Section II of this Order, all costs incurred in generating those revenues, and the resulting net profit or loss;

B. Personnel records showing, for each person who has responsibilities related to the operation of any website or online service subject to Section II of this Order, whether as an employee or otherwise, that person's name, addresses, and telephone numbers; job title or position; dates of service; and, if applicable, the reason for termination;

C. Complaints relating to the information collection, use, maintenance, or disclosure practices of any website or online service subject to Section II of this Order, whether received directly or indirectly, such as through a third party, and any response;

D. All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E. A sample copy of every materially different form, page, or screen through which a website or online service subject to Section II of this Order collects or discloses personal information is collected or disclosed, and a sample copy of each materially different document containing any representation to the public regarding Defendant's collection, use, and disclosure practices pertaining to personal information of a child. Each web page copy shall be accompanied by the URL of the web page where the material was posted online. Electronic copies shall include all text and graphics files, audio scripts, and other computer files used in presenting information on the Internet. *Provided,* however, that Defendant shall not be required to retain any document for longer than two years after the document was created, or to retain a print or electronic copy of any amended form, page, or screen to the extent that the amendment does not affect Defendant's compliance obligations under this Order.

## IX. COMPLIANCE MONITORING

24. IT IS FURTHER ORDERED that for monitoring Defendant's compliance with this Order:

A. Within 14 days of receipt of a written request from a representative of the Commission or Plaintiff, Defendant must submit additional compliance reports or other requested information that must be sworn under penalty of perjury, appear for depositions, and produce documents for inspection and copying. The Commission and Plaintiff are also authorized to obtain discovery, without further leave of court, using any

of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.   For matters concerning this Order, the Commission and Plaintiff are authorized to communicate directly with Defendant with prior notice to Defendant's counsel. Defendant must permit representatives of the Commission and Plaintiff to interview any employee or other person affiliated with Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C.   The Commission and Plaintiff may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Defendant or any individual or entity affiliated with Defendant, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## X. RETENTION OF JURISDICTION

25.   IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

JUDGMENT IS THEREFORE ENTERED in favor of Plaintiff and against Defendant, pursuant to all the terms and conditions recited above.

Dated this ___3___ day of __October__, 2012.

_____
UNITED STATES DISTRICT JUDGE

The parties, by their counsel, hereby consent to the terms and conditions of the Order as set forth above and consent to the entry thereof.

THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON _____

FOR THE UNITED STATES OF AMERICA:

STUART F. DELERY
Acting Assistant Attorney General
Civil Division
United States Department of Justice

MICHAEL S. BLUME
Director
Consumer Protection Branch

RICHARD GOLDBERG
Assistant Director
Consumer Protection Branch

_____
ALAN PHELPS
Trial Attorney
Consumer Protection Branch
Department of Justice
450 5th Street, N.W.
Washington, D.C. 20549
Tel.: (202) 307-6154
Email: alan.phelps@usdoj.gov

PREET BHARARA
United States Attorney
Southern District of New York

_____
LOUIS A. PELLEGRINO
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2689
Facsimile: (212) 637-2686
Email:   louis.pellegrino@usdoj.gov

FOR THE FEDERAL TRADE COMMISSION:

*[signature]*
KATHERINE A. CAMPBELL
Attorney
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
Tel.: (202) 326-2924
Fax.: (202) 326-3259

*[signature]*
PHYLLIS H. MARCUS
Attorney
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
Tel.: (202) 326-2854
Fax.: (202) 326-3259

FOR DEFENDANT ARTIST ARENA LLC:

_____
Lawrence O. Peryer, Jr.
CEO, Artist Arena LLC

_____
D. Reed Freeman
Morrison & Foerster LLP
Attorney for Defendant Artist Arena LLC

_____
Sherman W. Kahn
Morrison & Foerster LLP
Attorney for Defendant Artist Arena LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>ARTIST ARENA LLC,<br><br>                              Defendant. | **ACKNOWLEDGMENT BY AFFIDAVIT OF RECEIPT OF ORDER BY DEFENDANT ARTIST ARENA LLC** |

1.   My name is Lawrence O. Peryer, Jr. My job title is CEO, and I am authorized to accept service of process on Artist Arena LLC. I am a U.S. citizen over the age of eighteen, and I have personal knowledge of the facts set forth in this Acknowledgment.

2.   Artist Arena LLC was a Defendant in *U.S. v. Artist Arena LLC*, which is the court case listed near the top of this page.

3.   On [*Month* ___, 201_], Artist Arena received a copy of the *Consent Decree and Order for Civil Penalties, Injunction, and Other Relief*, which was signed by the Honorable [*Judge's name*] and entered by the Court on [*Month* ___, 201_]. The copy of the Order attached to this Acknowledgment is a true and correct copy of the Order it received.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on [*Month* ___, 201_].

_____
As an officer of Artist Arena LLC

State of _____, City of _____

   Subscribed and sworn to before me
   this ____ day of _____, 201__.

   _____
   Notary Public

   My commission expires:
   _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ARTIST ARENA LLC, <br><br> Defendant. | **ACKNOWLEDGMENT BY DECLARATION OF RECEIPT OF ORDER BY A NON PARTY** |

I, _____, received a copy of the *Consent Decree and Order for Civil Penalties, Injunction, and Other Relief*, in *U.S. v. Artist Arena LLC*, on _____ __, 20___.

I was not a Defendant in that court case. My title or relationship with Defendant is _____.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____ __, 20___.

Signed:

_____